Charles Gufford, Fla. Bar # 604615
McCalla Raymer, LLC.
Orlando, FL 32801
MRService@mccallaraymer.com
(407) 674-1850
Attorney for Plaintiff Deutsche Bank National Trust Company

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP., COLLATERALIZED ASSET-BACKED BONDS, SERIES 2007-A<br><br>Plaintiff/Respondent<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and LAKELAND REGIONAL MTG CORP.<br><br>Cross Defendants/Respondents<br><br>v.<br><br>ERIC KESSOUS,<br><br>Defendant, | Case No.: 6:15-cv-1437-Orl-41TBS<br><br>**PLAINTIFF'S AMENDED MOTION TO REMAND AND FOR FEES AND COSTS** |

Plaintiff DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE

TRUSTEE UNDER THE INDENTURE RELATING TO IMH ASSETS CORP.,

COLLATERALIZED ASSET-BACKED BONDS, SERIES 2007-A (hereinafter, "Plaintiff") hereby files his Amended Motion to Remand and supporting Memorandum of Law directed to Defendant Eric Kessous' Notice of Removal [ECF 1] and Third party Complaint [ECF 2], and to add a certification as required under the Local Rules of the and states as follows:

## BACKROUND

1. Plaintiff filed its Mortgage Foreclosure Complaint in the Ninth Judicial Circuit in and for Orange County, Florida on July 2, 2009, seeking to foreclose on real property owned by Defendant Kessous (hereinafter, "Defendant" or "Kessous") and located in Orange County, Florida.

2. Defendant Kessous filed his Answer and Affirmative Defenses on or about September 16, 2011. Copies of the Complaint and Answer are attached hereto as Composite Exhibit "A." Importantly, Defendant's Answer fails to assert a counterclaim or raise any defenses that would invoke the Court's federal question jurisdiction.

3. On March 4, 2015, the day of trial, Defendant filed an untimely Notice of Removal to Federal Court with the Circuit Court, alleging that the Circuit Court lacked jurisdiction to hear this matter. This Notice of Removal was filed over three (3) years after Defendant was served and answered the Complaint. Additionally, the Notice of Removal was the first time that any of the allegations, including those within what Defendant has styled "Third Party Complaint" (as discussed in more detail below), in support of removal had been raised in this matter. As a result of Defendant's filing of the Notice of Removal in Circuit Court, the Circuit Court dismissed this action pending further direction from this Court.

4. On May 29, 2015, this Honorable Court granted Plaintiff's Motion to Remand this case to State Court finding specifically that the Federal District Court lacked Subject Matter Jurisdiction and holding that neither Federal Question Jurisdiction under 28 U.S.C. § 1331 existed, nor

Diversity Jurisdiction under 28 U.S.C. § 1332. A Copy of the Order is attached hereto as Exhibit "B."

5. The Circuit Court then set a trial to occur on September 3, 2015 at 3:15PM in the lower court matter. On September 3, 2015, again on the day of trial, Defendant Eric Kessous again filed a second untimely Notice of Removal of this matter to the Federal Middle District Court.

6. The instant Notice of Removal attempts to assert the existence of subject matter jurisdiction pursuant to 28 U.S.C. § 1441 by broadly alleging, without any specific facts, that Plaintiff violated the Truth in Lending, specifically 15 U.S.C. §1635(a) and (b). However, none of these "facts" were previously raised during extensive litigation spanning more than three (3) years in Circuit Court, and conveniently were only brought to light on the day of trial.

7. The Notice of Removal again raises arguments which were raised in the original Notice of Removal (and remanded for lack of Subject Matter Jurisdiction), and further fails to specify any ultimate facts in support of the alleged violations of Federal Law.

8. Additionally, Defendant's Notice of Removal fails to demonstrate that diversity exists between the parties, and as such, diversity cannot serve as a basis for subject matter jurisdiction. Aside from federal question, diversity serves as the only other basis for subject matter jurisdiction.

9. Finally, Defendant has failed to comply with Rule 4.02(b) of the Local Rules governing this District in omitting "a true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind" with his Notice of Removal.

10. Accordingly, and as set forth in more detail below, this Court lacks subject matter jurisdiction to hear this case, and must be remanded back to the Circuit Court for further proceedings, including trial and Defendant should be required to reimburse Plaintiff for their expended fees in attacking a redundant Notice of Removal.

## I. LEGAL STANDARD

**A.    28 U.S.C. § 1331. Federal question:**

Section 1331 establishes that district courts shall have original jurisdiction when actions contain questions which are Federal in nature.

Section 1331 states:
The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

**B.     28 U.S.C. § 1332. Diversity of citizenship; amount in controversy; costs**

Section 1332 establishes the parameters upon which a district court shall have original jurisdiction.

Section 1332 (a) states,
The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties;

**C.     28 U.S.C. § 1446. Procedure for removal**

Section 1446 establishes the proper procedures for removal of an action to Federal Court.

Section 1446 (b) states:
The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
 If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

**D.     28 U.S.C. § 1447. Procedure after removal generally**

Section 1447 elaborates on the parameters upon which a party may move the court for a remand.

28 U.S.C. § 1447 states:
(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446 (a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

### E. Rule 11, Fed.R.Civ.P. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions

Rule 11 does not authorize one party to make representations or file pleadings on behalf of another. Rule 11 requires that each pleading, motion, or other paper submitted to the court be signed by the party or its attorney of record, if represented.

Rule 11, Fed.R.Civ.P. states:
(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name — or by a party personally if the party is unrepresented.
INCLUDE SUBSECTION b

## II. ARGUMENT

### A. This Matter Should Be Remanded to the Circuit Court of Orange County Florida as Nothing within the Complaint Alleges Any Claims Which Create Federal Question Jurisdiction.

Federal question jurisdiction exists only where the complaint "establishes either that [1] federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that 'federal law is a necessary element of one of the well-pleaded ... claims'." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988) (quoting *Franchise Tax Bd.*, 463 U.S. at 27-28); 28 U.S.C. § 1331. "[I]n order for a complaint to state a claim 'arising under' federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.

5

1996). The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

Section 16 of the Mortgage states, "This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located." Since the property is located in Orange County, Florida and the Plaintiff's Complaint contains no questions of federal law, the Defendant's removal to Federal court is an attempt to evade the operation of mandatory provisions of applicable Florida statutes and law. This matter should be remanded as there are no federal questions before the Court.

It should be further noted that this Honorable Court previously found a lack of federal question jurisdiction in the Defendant's First attempt at Removal,: "The Complaint cites only Florida law. In his filings in this Court Kessous cites a number of Federal Statutes that Deutsche Bank allegedly violated, but he does not set forth a factual basis – that appears on the face of the state court Complaint – in support of violations of these statutes. There is thus no basis for federal question jurisdiction under 28 U.S.C. § 1331." *See* Exhibit "B" at page 3.

**B. This Matter Should be Remanded to the Circuit Court of Orange County, Florida Defendant KESSOUS did not properly file the Notice of Removal within the 30 day period pursuant to 28 U.S.C. § 1446.**

Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The thirty-day time period set forth in § 1446(b) is strictly construed. See *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999) (failure to comply with the express statutory requirements for removal renders removal defective and subject to remand). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days afer receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

removable." 28 U.S.C. § 1446(b)(3).

The initial pleading setting forth the claim for relief upon which this action is based was the Complaint for Foreclosure filed in July of 2009. No amendments or pleadings have been filed which would allow the Defendant to argue they only just ascertained this matter is or has become removable pursuant to 28 U.S.C. § 1446(b)(3). Therefore, pursuant to 28 U.S.C. § 1446(b)(1), the Notice of Removal should have been filed, if necessary, within 30 days of July 2, 2009, or on or before August 1, 2009.

Moreover, this case cannot be removed as this removal is being attempted more than one year after the commencement of the action. "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Removal jurisdiction is narrowly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999).

**C.    This Matter should be Remanded as all Defendants have not joined in the removal pursuant to 28 U.S.C. § 1446(b)(2)(A).**

In cases in which there are multiple defendants, the rule of unanimity mandates that all defendants join in removing the state court action to Federal Court. There are several Defendants in the State Court action, none of which have joined in the removal of this action.

**D.    This Matter should be remanded as Defendant has failed to meet the burden of establishing the Court's jurisdiction or set out his citizenship sufficiently.**

Consistent with the limited nature of federal jurisdiction, the party seeking a federal venue must establish the venue's jurisdictional requirements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992). Under this traditional rule, the defendant, having removed the case to the district court, would bear the burden of establishing the court's jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Defendant Kessous does not even

attempt to describe the citizenship of any party in any manner and therefore absolutely failed to meet the burden of establishing the existence of diversity jurisdiction.

Additionally, this honorable Court previously decided that "there is no apparent basis for diversity jurisdiction under 28 U.S.C. § 1332, finding that Defendant Kessous "failed to adequately allege the citizenship of either Party and has thus set forth no basis for diversity jurisdiction". *See* Exhibit "B" at page 3.

### E. Attorney fees and Costs or other sanction is appropriate for frivolous and redundant removals in an obvious attempt to delay trial.

Pursuant to 28 U.S.C. § 1447(c) the Court may order the payment of fees and costs, including attorney fees incurred as a result of a removal. Tran v. Waste Mgmt., Inc., 290 F. Supp. 2d 1286, 1295 (M.D. Fla. 2003) In the Middle District of Florida, in cases where subject matter jurisdiction is lacking, a showing of bad faith is not necessary as a predicate to the award of attorney's fees, rather the intent to reimburse the Plaintiff's who have incurred expenses in attacking improper removals. *Id.* Where the Federal Court lacks subject matter jurisdiction, the court may award fees if the removing party lacked an objectively reasonable basis for seeking removal. *Redrock Laser Clinic, L.L.C. v. D'Anca*, No. 8:06CV01628SCBTGW, 2006 WL 2792887, at *2 (M.D. Fla. Sept. 27, 2006). The intent of this standard is to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while still affording Defendants a right to remove as a general matter when they meet the statutory criteria. *Id.*

The instant Notice of Removal filed by Eric Kessous and subject of this Motion to Remand represents a frivolous and dilatory filing which fails to demonstrate any valid basis for removal. This Notice of Removal, like the previously remanded removal, was filed on the day of trial, and was filed for the express purpose of causing delay of trial. Further, Defendant was aware of the lack of subject

matter jurisdiction in this case due to the express Order of this Court, and yet still proceeded in filing a Notice of Removal again lacking facts or information sufficient to create federal question or diversity jurisdiction. Plaintiff strongly believes that Defendant will continue to attempt frivolous and inappropriate Removals unless an award of fees and costs or some form of injunction against further removal is awarded for the Plaintiff.

### F.     CONCLUSION

Based on the foregoing, Plaintiff has demonstrated the defects in the arguments of the defendant participating in the removal:

1. Defendant has not met the technical requirements for removal of this case to Federal Court. By failing to file the Notice of Removal within 30 days of service or receipt of the documents complained of, pursuant to 28 U.S.C. § 1446.

2. Defendant has not met the technical requirements for removal of this case to Federal Court. By failing to file the Notice of Removal within 1 year of commencement of this action, pursuant to 28 U.S.C. § 1446.

3. Defendant fails to show there are or have been federal questions in this matter which would confer jurisdiction to the Federal Court

4. Defendant has not pled or set out citizenship sufficiently to indicate diversity jurisdiction exists, and therefore, there is a lack of jurisdiction for the Federal Court to hear this matter.

5. The issues raised in the Plaintiff's Complaint presented issues of statewide importance and in rem jurisdiction of the state relating to the location of the property at issue.

6. The claims at issue are all state law claims.

7. Defendant should be required to reimburse Plaintiff's fees and costs or subject to other sanction for filing a redundant and frivolous Notice of Removal.

Because the Defendant has failed to prove that removal is proper, failed to sufficiently show jurisdictional propriety, Defendant filed this notice of Removal in derogation of the timelines set forth pursuant to 28 U.S.C. § 1446(b) and the statute of limitations set forth in 28 U.S.C. § 1446(c)(1), and because not all Defendants have joined in the removal pursuant to 28 U.S.C. § 1446(b), the Plaintiff respectfully requests that this Court grant its Motion to Remand this case to the Circuit Court of Orange County, Florida and grant fees and costs to Plaintiff, in addition to any other relief this Honorable Court deems appropriate..

### RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, the undersigned has conferred with the Defendant, Eric Kessous, and is authorized to represent that Defendant is opposed to the relief requested in this Motion.

RESPECTFULLY SUBMITTED this _15_ of _Oct_, 2015.

By: _____
Charles Gufford
Fla. Bar No.: 604615
McCalla Raymer, LLC.
Attorney for Plaintiff
225 E. Robinson St. Suite 660
Orlando, FL 32801
Phone: (407) 674-1850
Fax: (321) 248-0420
Email: MRService@mccallaraymer.com

I hereby certify that on Oct 15, 2015 I electronically transmitted this document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants

Albert R. Cook, Esq.
1211 State Road 436
Suite 127
Casselberry, FL 32707
arcpa@mpinet.net

Eric Kessous
2611 Tilton Ct.
Orlando, Florida 32835

Ronit Kessous
882 Placid Lake Drive
Osprey, FL 34229

Unknown Spouse of Eric Kessous
2611 Tilton Court
Orlando, FL 32835-6153

Bank of America, National Association
16686 S.W. 88th Street
Miami, FL 33196

Charles Gufford
McCalla Raymer, LLC
225 E. Robinson St. Suite 660
Orlando, FL 32801
Email: MRservice@mcallaraymer.com