UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DEUTSCHE BANK NATIONAL TRUST
COMPANY,

    Plaintiff,

v.                                              Case No:   6:15-cv-1437-Orl-41TBS

ERIC KESSOUS, FNU KESSOUS,
RONIT KESSOUS, BANK OF AMERICA
NATIONAL ASSOCIATION,
PEMBROOKE HOMEOWNERS
ASSOCIATION, INC., JOHN DOE and
JANE DOE,

    Defendants.

## REPORT AND RECOMMENDATION

The district judge has referred this case to me for a report and recommendation on Plaintiff's Motion for Attorney's Fees (Doc 20).   Defendant Eric Kessous has not filed a response to the motion and the time within to do so has expired.   When a party fails to respond, that is an indication that the motion is unopposed.   Foster v. The Coca-Cola Company, No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cnty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Pollo Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW,

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority."   CTA11 Rule 36-2.

2012 WL 333808, at * 1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed).   Although the Court may treat Plaintiff's motion as unopposed because Mr. Kessous did not respond, I note that he is *pro se* and may not understand the importance of filing a paper in opposition to the motion.   Therefore, and because the motion seeks fees from Mr. Kessous, I assume that he opposes the motion.   For the reasons that follow, I respectfully recommend that the motion be granted in part.

## I. Background

Plaintiff Deutsche Bank National Trust Company filed this lawsuit in state court, seeking to foreclose on real property owned by Mr. Kessous (Doc. 16-1).   Trial was set to begin on March 4, 2015 (Doc. 8 at 2).   On the day of the trial, Mr. Kessous removed the case to this Court (See May 29, 2015 Order, Deutsche Bank Nat'l Tr. Co. v. Kessous, No. 6:15-cv-343-Orl-28KRS (M.D. Fla. June 1, 2015) (Antoon, J.) (Doc. 10)).   The Court remanded the case based on Mr. Kessous' failure to establish either federal-question or diversity jurisdiction (See id.).   Following remand, the state court set a new trial date (Doc. 8 at 3).   Once again, on the day of the trial, Mr. Kessous removed the case to this Court (Doc. 1).   His notice of removal suggests that federal-question jurisdiction exists because Plaintiff purportedly violated certain provisions of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (Id.).   The Court found that removal was improper for multiple reasons.[2]

---

[2] First, no federal question is presented on the face of Plaintiff's complaint (Doc. 19 at 2).   Second, to the extent Mr. Kessous was relying on diversity jurisdiction, there are no allegations or evidence regarding citizenship or the amount-in-controversy in the notice of removal (Id. at 3).   Third, Mr. Kessous failed to remove the case within 30 days after service of the initial pleading (Id.).   Fourth, there was no indication in the record that any of the other Defendants had "join[ed] in or consent[ed] to the removal of th[is] action."   (Id. at 3-4) (quoting 28 U.S.C. § 1446(b)(2)).

After determining that removal was improper, the Court considered 28 U.S.C. § 1447(c) which provides that in conjunction with a remand order, a district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court concluded that Mr. Kessous' decision to remove this case a second time was not based in objective reasonableness and was instead, an ill-advised dilatory tactic. Accordingly, the Court found Mr. Kessous liable to Plaintiff for its "just costs and actual expenses, including attorney fees, incurred as a result of the removal." (Id. at 5).

## II. Legal Standard

Courts in this circuit use the lodestar approach to determine reasonable attorney's fees. Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l, No. 6:08-cv-1182-Orl-22DAB, 2010 WL 98991 (M.D. Fla. Jan. 6, 2010); Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The lodestar is calculated by multiplying the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services. Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006) (per curiam); Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 2005) (per curiam); Norman, 836 F.2d at 1299. "[T]here is a 'strong presumption' that the lodestar is the reasonable sum the attorneys deserve." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565-66 (1986)).

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1303. The prevailing party bears the burden of producing evidence of the prevailing market rate, which must "speak to rates actually

billed and paid in similar lawsuits," and may include the expert opinions of other attorneys. Id. at 1300. "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable' the court is to consider the 12 factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)." Bivins, 548 F.3d at 1350. The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment due to the attorney's acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the amount involved and the results obtained; (8) the experience, reputation, and ability of the attorneys; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. Johnson, 488 F.2d at 717-19.

"The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303. A party may satisfy this burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Chemische, 2010 WL 98991, at *4. The fee applicant should "supply[] the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." Norman, 836 F.2d at 1303. Evidence of prevailing rates for comparable services can be adduced either through direct evidence of charges by lawyers under similar circumstances or by opinion. Id. at 1299. "[T]he best information available to the court is usually a range of fees set by the market place...." Id. at 1301.

The fee applicant also has the burden to adequately document the hours expended on the matter. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). "[F]ee

counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman, 836 F.2d at 1303.  "[E]xcessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed." Id. at 1301.  In other words, fee applicants must exercise "billing judgment." ACLU of Ga. v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Hensley, 461 U.S. at 434).

While the fee applicant bears the burden of producing specific information in support of its request, "those opposing fee applications have obligations, too." Barnes, 168 F.3d at 428.  "In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" Id. (quoting Norman, 836 F.2d at 1301).  A fee opponent's failure to lodge specific objections to an attorney's fee request can be fatal to its position. See Kratom Lab, Inc. v. Mancini, No. 11-80987-civ, 2013 WL 6916799, at *3 (S.D. Fla. Dec. 3, 2013), adopted by Doc. No. 92 (S.D. Fla. Jan. 17, 2014); Scelta v. Delicatessen Support Servs. Inc., 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002); Gray v. Lockheed Aeronautical Sys. Co., 125 F.3d 1387, 1389 (11th Cir. 1997).

Once the lodestar is determined, the court may adjust it based upon a variety of factors to reach what the court considers to be an appropriate attorney's fee. Neptune Designs, 469 F.3d at 1359.  The court can use its knowledge, expertise, and experience to determine the reasonable and proper fee to award. Chemische, 2010 WL 98991, at *4 (citing Norman, 836 F.2d at 1303); Perez v. Sanford-Orlando Kennel Club, Inc., et al., No. 6:05-cv-269-Orl-28KRS, 2009 WL 2500290, at *2 (M.D. Fla. Aug. 14, 2009) ("It is well established that the Court may use its discretion and expertise to determine the

appropriate hourly rate to be applied to an award of attorney's fees."); Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (In determining a reasonable hourly rate, "[a] court ... is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotation marks omitted); Norman, 836 F.2d at 1303 ("The court ... is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees.").

The court may assess the skills of the lawyers and the quality of the representation in the case before it when determining a reasonable hourly rate. See Turner v. Sec'y of Air Force, 944 F.2d 804, 808-09 (11th Cir. 1991) (affirming district court judgment that took into account counsel's work product, preparation, and general ability when setting an hourly rate). "The Court reserves higher rates for 'the most skilled attorneys litigating complex cases." Westlake v. Atlantic Recovery Sols., LLC, No. 8:15-cv-1626-T-33TBM, 2016 WL 279439, at *3 (M.D. Fla. Jan. 22, 2016) (citing Ottaviano v. Nautilus Ins. Co., 717 F. Supp. 2d 1259, 1270 (M.D. Fla. 2010)) (internal quotation marks omitted; emphasis in original). "Ultimately, the computation of a fee award is necessarily an exercise in judgment because '[t]here is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). "Although a district court has wide discretion in performing these calculations, the court's order on attorney's fees must allow meaningful review-the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation." Moton v. Nathan & Nathan, P.C., 297 F.

App'x 930, 932 (11th Cir. 2008); Frank v. Paddy's Inheritance, Inc., No. 0:14-cv-61312-Rosenberg/Brannon, 2015 WL 7720568, at *4 (S.D. Fla. Nov. 30, 2015).

### III. Discussion

Plaintiff seeks an award of $4,475 in attorney's fees based upon 25 billable hours expended by attorney Charles Gufford at the rate of $175 per hour (Doc. 20 at 2-3). Mr. Gufford represents that he has "fourteen (14) years of distinguished trial experience," "vast experience in mortgage foreclosure law," and that he "was highly organized and very efficient, including but not limited to, the manner in which the Amended Motion for Remand was prepared and resolved." (Id. at 7). The fee application is supported by the affidavit of Andrea L. Aylett-Hosch, who states that Mr. Gufford's hourly rate is well below the $250 to $350 hourly rate customarily charged for this type of case in this area (Doc. 23-2, ¶ 6). She also states:

> 7. The affiant is familiar with the amounts customarily charged by attorneys and allowed by the Court for fees in such cases in the area and attests that $4,375.00 of hourly litigated fees is a reasonable rate for residential foreclosures.
>
> 8. The Affiant knows the reasonable value of the services rendered and hours by Plaintiffs attorney and is of the opinion that the litigated fee of $4,375.00 would be reasonable attorney's fees for 25.0 hours for a foreclosure case proceeding to summary final judgment. A total of $4,375.00 for services rendered in this cause would be reasonable.

(Id. at ¶¶ 7-8). Ms. Aylett-Hosch's affidavit is obviously a form utilized in mortgage foreclosure cases. Because it does not speak to motions for remand, it is of little or no value in this proceeding.

Based upon my own knowledge and experience I agree with Ms. Aylett-Hosch that $175 per hour is an unusually low rate for commercial litigation in Central Florida. The rate and the time entries I discuss below suggest that the billing in this case is akin to

what are known in the profession as "insurance defense" billing practices. This refers to situations in which the insurance company negotiates an artificially low rate for the attorney's services in exchange for a high volume of work. Then, in order to increase his effective hourly rate to a more realistic amount, the attorney inflates the time billed for certain services rendered. Both the insurance company and the attorney are supposed to understand and be in agreement about what is going on.

Plaintiff's fee application is supported by a ledger showing the dates upon which work was performed, descriptions of the services rendered, and the amounts charged for the services (Doc. 23-1 at 4-6). I have reviewed each time entry and find the following to be excessive:

| Date | Service | Time Entry | Comments |
|---|---|---|---|
| 9/14/2015 | Notice of Appearance and designation of email for Federal case. | 1.0 | The notice of appearance is a form and the designation is clerical/ministerial. Thus, .1 is reasonable. |
| 10/14/2015 | Telephonic correspondence regarding compliance with Fl. Local Rule 3.01(g) and amendment of Motion to Remand for certification | 1.0 | For satisfying the meet and confer requirement and inserting the certificate of compliance in a motion .3 is reasonable. |
| 10/26/2015 | Correspondence to and from borrower including Notice of Pendency of Other Actions and Certificate of Interested Parties. | 1.0 | This involves the completion of short forms. Giving Plaintiff the benefit of the doubt, .4 is reasonable. |
| 12/02/2015 | Additional pleadings to and from borrower in federal case and review of docket | 1.0 | No pleadings or papers were docketed during this time frame and reviewing the docket is a ministerial act. Therefore, I recommend no time allowed. |
| 12/15/2015 | Telephonic and Email correspondence with borrower regarding required CMC meeting. | .5 | For a telephone call and an email to discuss these matters .3 is reasonable. |
| 12/23/15 | Telephonic conference with borrower Regarding settlement and pleadings, Determine legal strategy on how to Proceed | 1.4 | Giving Plaintiff the benefit of the doubt, perhaps counsel had a half-hour telephone conversation with Mr. Kessous. I am unable to imagine what legal strategy needed to be determined or why it |

| | | | |
|---|---|---|---|
| | | | took almost an hour. I recommend .5. |
| 12/29/2015 | Telephonic correspondence with defendant attempting to coordinate case management meeting. | .6 | For a telephone call on this issue .2 is reasonable. |
| 1/6/2016 | Receipt and review of Order regarding Amended Motion to Remand to State Court and for Fees and Costs from Judge Mendoza | .5 | This one paragraph Order directs Plaintiff to file 2 exhibits referred to in the amended motion for remand.  .1 is reasonable. |
| 1/7/2016 | Draft and Prepare Certificate of Interested Persons and Corporate Disclosure Statement | 2.5 | To complete these forms, .3 is reasonable. |
| 1/7/2016 | Draft and prepare extensive Case Management Report pursuant to U.S. District Court Middle District, Orlando Division requirement | 4.0 | For filling in the boxes and spaces on the form, .3 is reasonable. |
| 1/7/2016 | Compilation of Exhibits, Draft and Prepare Notice of Filing Exhibits pursuant to the Order from Judge Mendoza | 1.0 | Some of this time is clerical. A reasonable time increment is .3. |
| 1/28/2016 | Prepare AMENDED CAT for additional fees and litigated issues | .5 | I have no idea what "CAT" refers to.  There was no docket activity during this time frame. Therefore, I recommend no fee be allowed. |
| 2/1/2016 | Receipt and review of Order granting Amended Motion to Remand to State Court, Determine litigation strategy. | .7 | To read this uncomplicated 6 page Order, .2 is reasonable. I am unable to imagine what litigation strategy an experienced attorney needed to determine at this stage of the case. |
| 2/5/2016 | Extensive legal research, Draft and prepare Motion for Plaintiff's Counsel Attorney's Fees | 3.0 | The results of Mr. Gufford's "extensive legal research" are not apparent from reading the motion. I recommend 1.5 hours. |

After making these adjustments, I find that a total of 10.8 hours was reasonably expended by Plaintiff's attorney. Multiplying this amount of hours by his agreed upon rate of $175 per hour results in a fee of $1,890. While this is less than what is normally awarded for the services rendered in this case, it is appropriate based upon the hourly rate Plaintiff and counsel agreed to, and the number of hours reasonably spent on the work performed. Therefore, I respectfully recommend that the motion be **granted in part**, and that Plaintiff be awarded **$1,890** for litigating the remand issue.

## IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. <u>See</u> 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 21, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Unrepresented Parties